UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 1:04-CR-61-01

HON. RICHARD ALAN ENSLEN

v.

TODD L. HARRIS,

        Defendant.

**ORDER**

_____/

       This matter is before the Court on Defendant Todd L. Harris' Section 2255 Motion to Vacate, Set Aside, or Correct Sentence. The Sixth Circuit Court of Appeals' decision in *Watson v. United States*, 165 F.3d 486 (6th Cir. 1999) summarized the basic legal standards for relief under section 2255 as follows:

> To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-638, 113 S. Ct. 1710, 1721-1722, 123 L. Ed. 2d 353 (1993). To prevail on a § 2255 motion alleging non-constitutional error, the petitioner must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *Hill v. United States*, 368 U.S. 424, 428, 82 S. Ct. 468, 471, 7 L. Ed. 2d 417 (1962)).

*Id.* at 488. Furthermore, relief under § 2255 is not intended to do service for an appeal. *United States v. Timmreck*, 441 U.S. 780, 784 (1979); *see also Murr v. United States*, 200 F.3d 895, 900 (6th Cir. 2000) (citing *United States v. Frady*, 456 U.S. 152, 164-67 (1982)).

Defendant requests relief under *Booker v. United States*, 2005 WL 50108 (U.S. Jan. 12, 2005)**.**  Since Defendant did not file a notice of appeal within ten days of this Court's entry of judgment on September 28, 2004, Defendant's conviction became final on October 13, 2004.  *See* Fed. R. Crim. P. 45(a); Fed. R. App. P. 4(b)(1); *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004) ("[W]hen a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed.").  Therefore, Defendant is seeking retroactive application of *Booker* to his case.

Retroactivity is governed by the Supreme Court's decision in *Teague v. Lane,* 489 U.S. 288 (1989).  Applying the *Teague* analysis in *Goode v. United States*, 305 F.3d 378, 382 (6th Cir. 2002), the Sixth Circuit held that the rule in *Apprendi*, the legal precedent which gave rise to the *Blakely* and *Booker* cases, would not be applied retroactively, consistent with the determination of other circuit courts of appeal.  Furthermore, in *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005), the Sixth Circuit held that *Booker* does not apply retroactively on collateral review to cases "already final on direct review" at the time the Supreme Court issued the *Booker* decision.  *Id.* at 855, 860-63; *see also McReynolds v. United States*, 397 F.3d 479 (7th Cir. Feb. 2, 2005) (holding that *Booker* does not apply retroactively to criminal cases which were final prior to the release of the *Booker* decision on Jan. 12, 2005); *Varela v. United States*, 400 F.3d 864 (11th Cir. Feb. 17, 2005) (holding that *Booker* is not retroactively applicable to a case on collateral review).  Since Defendant's case was not pending at the time of the *Booker* decision, he is not entitled to relief pursuant to 28 U.S.C. § 2255.

For the above reasons, Defendant's Motion will be denied. Having so determined, pursuant to 28 U.S.C. § 2253, the Court must further determine whether to grant a certificate of appealability as to each of the issues raised. The Court has reviewed the issues individually as required by the decisions in *Slack v. McDaniel*, 529 U.S. 473 (2000) and *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001). Upon review, this Court finds that reasonable jurists would not find Defendant's position debatable with respect to the substantive grounds for denying relief as to all issues asserted. *See Slack*, 529 U.S. at 482-85; *see also Porterfield v. Bell*, 258 F.3d 484, 486 (6th Cir. 2001). Therefore, a certificate of appealability will be denied.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant Todd L. Harris' Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Dkt. No. 67) is **DENIED**, and a certificate of appealability is **DENIED** as to all ground asserted.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>May 17, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>UNITED STATES DISTRICT JUDGE |